UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH PAWLAK, As titled owner of and for a
24' 2006 World Cat Boat, etc.,**

        **Petitioner,**

                                        Case No: 6:19-cv-2105-Orl-WWB-DCI

_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **PETITIONER'S MOTION OF ENTRY OF FINAL DEFAULT JUDGMENT FOR EXONERATION FROM LIABILITY AGAINST ALL CLAIMANTS NOT FILING A CLAIM IN THIS ACTION (Doc. 40)**
>
> **FILED:**       **February 21, 2020**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    Background**

On November 4, 2019, Joseph Pawlak (Petitioner) as title owner of 24' 2006 World Cat Boat, hull identification number EPYBB035D606, her engines, tackle, and appurtenances (vessel), filed a Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et. seq.*, Supplemental Rule F and Local Admiralty Rule F for all losses, damages, deaths, or destruction allegedly resulting from the incident that occurred on or about May 4, 2019.  Doc. 1.  On December 11, 2019, the Court approved Petitioner's ad interim stipulation, directed issuance of notice, and restrained the prosecution of claims. Doc. 15.  At the direction of the Court, the Clerk of Court issued a Notice of Petition for Exoneration from or Limitation of Liability.  Doc. 16.  On January 15, 2020, Petitioner filed a Notice of Filing Proof of

Publication attesting to the publication of the notice to claimants in *The News-Journal* on December 17, 24, 31, 2019 and January 7, 2020. Doc. 17.

On January 24, 2020, Huy Tran; American Honda Motor Co., Inc.; and Salty Maine Services, Inc. d/b/a Sea tow Daytona/Ponce/New Smyna filed Answers and Counterclaims. Docs. 22-24, 26. The Clerk entered default on February 14, 2020 against any other potential claimants. Doc. 38.

Pending before the Court is Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in this Action (the Motion). Doc. 40. Petitioner argues that he has provided notice as the supplemental rules require and moves for default. *Id*. No response to the Motion has been filed and the time for doing so has elapsed.

## II.     Applicable Law

In an action to exonerate or limit liability from claims arising out of maritime accidents, an owner may follow the procedure set forth in Supplemental Rule F(1) by filing a complaint and providing security. Fed.R.Civ.P. Supp. R. F(1).

> Upon the owner's compliance with subdivision (1) . . . the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed.R.Civ.P. Supp. R. F(4). "Claims shall be filed and served on or before the date specified in the notice . . ." *Id*. at F(5). A default judgment may be entered against any potential claimant who fails to respond to the public notice within the established notice period so long as petitioner has complied with the requirements of Supplemental Rule F(4). *In re Ruth*, No. 8:15-cv-2895, 2016 WL 4708021, at *2 (M.D.

Fla. Aug. 23, 2016), *report and recommendation adopted*, *In re 37' 2000 Intrepid Powerboat*, 2016 WL 4667385 (Sept. 7, 2016); *In re Mann*, No. 8:16-cv-3370, 2017 WL 11113423, at *2 (M.D. Fla. May 4, 2017).

**III.   Analysis**

The Notice to Claimants, executed by the Clerk's Office and published by Petitioner, required any claims to be filed on or before January 24, 2020.  Docs. 16, 17, 17-1.  The Notice warns that "[a]ny claimant desiring to contest the allegations of the Petition shall file and serve on counsel for Petitioner, an answer to the Petition on or before the deadline . . . or be defaulted."  Doc. 16.

Petitioner published the notice to claimants for four consecutive weeks in *The News-Journal* as the Court's Order directs.  Docs. 15, 17, 17-1.  Only Huy Tran, Salty Marine Services, Inc., and American Honda Motor Co., Inc. made timely claims.  *See* Docs. 22-24, 26.  No other claimants filed a claim or answer within the established notice period.  The Clerk's default was entered against "[a]ny and all potential claimants, other than Huy Tran, Salty Marine Services, Inc. d/b/a Sea Tow Daytona/Ponce/New Smyrna and American Honda Motor Co., Inc."  Doc. 38.

The undersigned recommends that Petitioner has fulfilled his obligations under Rule F and entry of final default judgment as requested is warranted.

**IV.   Conclusion**

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion (Doc. 40) and enter final default judgment for exoneration from liability against all claimants having an interest in this matter, other than the claimants who have filed a claim in this proceeding, pursuant to Rule 55 and Supplemental Rule F(5), for failure to file a timely claim or answer in this matter.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 10, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy